UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLOOMBERG L.P., | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 08 CV 9595 (LAP) ) ) |
| BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM, | ) ) ) ) ) |
| Defendant. | ) ) |

## ANSWER

1. Paragraph 1 consists of argument to which no response is required. To the extent a response is required, defendant admits that the Board of Governors of the Federal Reserve System (the "Board") is an agency of the United States government.

2. Paragraph 2 consists of argument to which no response is required.

3. Paragraph 3 consists of argument to which no response is required. To the extent a response is required, defendant admits that on or about March 16, 2008, to facilitate the acquisition by JPMorgan Chase & Co. ("JPMC") of The Bear Stearns Companies, Inc. ("Bear Stearns"), defendant authorized the Federal Reserve Bank of New York ("FRBNY") to extend credit under section 13(3) of the Federal Reserve Act in an amount up to $30 billion, secured by a pledge of $30 billion of assets of Bear Stearns, admits that it has authorized expansions of lending programs by the Federal Reserve Banks in response to market conditions, and otherwise denies the allegations of Paragraph 3.

4. Defendant admits that borrowers are required to post collateral with the lending

Federal Reserve Bank in order to gain access to funding facilities authorized by the Board. The Federal Reserve Banks maintain records regarding the posted collateral. The Federal Reserve Banks do not make public information regarding specific collateral posted for these funding facilities, although certain aggregate valuation information is provided in the H.4.1 Statistical Release, "Factors Affecting Reserve Balances of Depository Institutions and Condition Statement of Federal Reserve Banks" issued by the Board. Defendant otherwise denies the allegations of Paragraph 4.

5. Defendant incorporates its responses to Paragraph 3 above, and Paragraphs 33-35 below.

6. Defendant lacks sufficient knowledge to admit or deny the allegations of the first clause of the first sentence of Paragraph 6. Defendant admits that it received two FOIA requests from the plaintiff, as set forth in Paragraphs 21 and 37 below. Defendant admits that it granted in part and denied in part plaintiff's May 21, 2008 FOIA request (the "Loan Request"), and found no documents responsive to plaintiff's April 7, 2008 FOIA request (the "Bear Request") as set forth in Paragraphs 29 and 40 below, and otherwise denies the allegations of the second sentence of Paragraph 6. Defendant lacks sufficient knowledge to admit or deny the allegations of the third sentence of Paragraph 6.

JURISDICTION AND VENUE

7. Paragraph 7 states a legal conclusion to which no response is required.

8. In response to the first sentence of Paragraph 8, defendant incorporates its responses to Paragraphs 29, 41 and 42 below. The second sentence of Paragraph 8 states a legal conclusion to which no response is required.

9. Paragraph 9 states a legal conclusion to which no response is required.

## PARTIES

10. Defendant lacks sufficient knowledge to admit or deny the allegations of Paragraph 10.

11. Defendant admits that the Board is an agency of the United States government. Defendant incorporates its response to Paragraph 29 below and admits that it has withheld approximately 231 pages of records responsive to the Loan Request under exemptions 4 and 5 of FOIA. Defendant avers that it searched Board records and made appropriate inquires and found no documents responsive to the Bear Request. Defendant admits that it has statutory authority to supervise and regulate certain aspects of the nation's banking and financial system and has other authority as defined by Congress in its enabling legislation, that it has delegated certain authority to the Federal Reserve Banks, and that the Federal Reserve Banks have certain powers and duties not delegated by the Board as defined by Congress in their enabling legislation. Defendant otherwise denies the allegations of Paragraph 11.

## FACTS CONCERNING FOIA REQUEST FOR LOAN RECORDS

12. Defendant admits the allegations of the first sentence of Paragraph 12. Defendant denies the allegations of the second sentence of Paragraph 12, and avers that the Federal Reserve Banks extend credit to eligible financial institutions within their districts as authorized by statute, regulation and Board policy.

13. Defendant denies the allegations of the first two sentences of Paragraph 13, and avers that the Federal Reserve Banks extend credit to eligible financial institutions within their districts through the discount window and other facilities as authorized by statute, regulation, and Board policy. Defendant admits the allegations of the third sentence of Paragraph 13.

14. Defendant denies the allegations of Paragraph 14, and avers that on or around March 17, 2008, defendant authorized a change in the primary credit program of the

discount window to allow primary credit loans for terms of up to 90 days, which change has been implemented by the Federal Reserve Banks. Defendant avers that, commencing in 2007 and continuing in 2008, in response to market conditions, it authorized the Federal Reserve Banks to extend credit under a number of new lending facilities including: the Primary Dealer Credit Facility ("PDCF"), an overnight loan facility that provides funding to primary dealers in exchange for a specified range of eligible collateral; the Term Securities Lending Facility ("TSLF"), a 28-day facility that offers Treasury general collateral to the FRBNY's primary dealers in exchange for other program-eligible collateral; and the Term Auction Facility ("TAF"), under which the Federal Reserve Banks auction term funds to depository institutions against the wide variety of collateral that can be used to secure loans at the discount window. Defendant otherwise denies the allegations of Paragraph 14.

15. In response to the first sentence of Paragraph 15, defendant incorporates its response to Paragraph 14 above. In response to the second sentence of Paragraph 15, defendant admits that in 2008, the FRBNY included Bear, Stearns & Co., Inc., Lehman Brothers Inc., Banc of America Securities LLC, Barclays Capital Inc., Goldman, Sachs & Co., HSBC Securities (USA) Inc., J.P. Morgan Securities Inc., Merrill Lynch Government Securities Inc. and Morgan Stanley & Co. Incorporated, among others, on its primary dealers list, which is publicly available. Effective September 22, 2008, Lehman Brothers Inc. was deleted from the list of primary dealers.

16. Defendant admits that the discount window and the PDCF are standing facilities through which the Federal Reserve Banks provide daily access to funds to eligible institutions at the initiative of the borrowing institution in amounts and on terms, including interest rates, set forth in defendant's and the Federal Reserve Banks' published guidelines, and that the Federal Reserve Banks charge a fixed interest rate

set at a premium to market rates on this type of facility to discourage institutions from unnecessary use of Federal Reserve Bank lending.

17. Defendant incorporates its response to Paragraph 14 above. Defendant admits that the TAF and the TSLF provide funding at auction to eligible institutions on terms set forth in guidelines published by defendant and the FRBNY, that the purpose of the TAF is to address elevated pressures in short-term funding markets, and that the purpose of the TSLF is to foster the functioning of financial markets more generally. Defendant otherwise denies the allegations of paragraph 17.

18. Defendant avers that it publicly discloses the aggregate amount of discount window lending by the Federal Reserve Banks in its weekly H.4.1 Statistical Release. Defendant admits that its weekly H.4.1 Statistical Release for the week ended August 8, 2007 showed primary credit discount window lending of approximately $1 million, and that its weekly H.4.1 Statistical Release for the week ended October 8, 2008 showed an aggregate of "other loans," including discount window and other lending, of approximately $420 billion.

19. Defendant denies the allegations of the first sentence of Paragraph 19, and avers that institutions seeking to avail themselves of these lending facilities must post collateral with the lending Federal Reserve Bank. Defendant admits the allegations of the second sentence of Paragraph 19.

20. Paragraph 20 consists of argument to which no response is required.

21. Defendant admits that on or about May 21, 2008, it received an e-mail entitled FOIA request from Mark Pittman who stated that he was affiliated with the plaintiff, Bloomberg News (the "Loan Request").

22. Defendant admits the allegations of Paragraph 22.

23. Defendant incorporates its response to Paragraph 29 below, admits that it has withheld approximately 231 pages of records responsive to the Loan Request under

5

exemptions 4 and 5 of FOIA, and otherwise denies the allegations of Paragraph 23.

24. Paragraph 24 states a legal conclusion to which no response is required.

25. Paragraph 25 states a legal conclusion to which no response is required.

26. Defendant admits that on or about June 19, 2008, it sent a letter to Mr. Pittman extending its period to respond to the Loan Request until July 3, 2008.

27. Defendant admits the allegations of Paragraph 27.

28. Defendant avers that on or around August 15, 2008, Alison Thro and Pam Wilson informed Mr. Pittman by telephone that the Board was still processing the Loan Request, expected to provide a formal response by the end of September 2008, and that defendant would likely deny the Loan Request

29. Defendant denies the allegations of Paragraph 29, and avers that on or around December 9, 2008, it sent a letter to Mr. Pittman responding to the Loan Request. The letter informed plaintiff that defendant had granted in part and denied in part the Loan Request. The letter informed plaintiff that staff had searched Board records and located documents responsive in part to item 11 of the Loan Request, which defendant's FOIA office would provide to the plaintiff under separate cover. The letter informed plaintiff that staff had located approximately 231 pages of records responsive to item 7 of the Loan Request, but that this information was being withheld in full under exemptions 4 and 5 of FOIA. The letter informed plaintiff that staff had searched Board records and made suitable inquires but did not locate information responsive to the remaining items of the Loan Request.

30. Paragraph 30 states a legal conclusion to which no response is required.

31. Paragraph 31 states a legal conclusion to which no response is required.

FACTS CONCERNING FOIA REQUEST FOR BEAR RECORDS

32. Defendant admits the allegations of Paragraph 32.

33. Defendant admits the allegations of the first and third sentences of Paragraph 33, and

6

avers that the actual amount of credit extended by the FRBNY to Maiden Lane LLC in connection with the Bear Stearns acquisition on June 26, 2008 was $28.82 billion.

34. Defendant admits that the first $1.15 billion of losses would be absorbed by JPMC, and that any additional losses might, under some circumstances, ultimately accrue to the government.

35. Defendant denies the allegations of Paragraph 35, and avers that the estimated fair value of the net portfolio holdings of Maiden Lane LLC was $26.802 billion as of October 22, 2008.

36. Paragraph 36 consists of argument to which no response is required.

37. Defendant admits that on or about April 7, 2008, it received a FOIA request from Craig Torres who stated that he was a reporter for the plaintiff, Bloomberg News (the "Bear Request").

38. Defendant admits the allegations of Paragraph 38.

39. Defendant admits the allegations of Paragraph 39.

40. Defendant admits the allegations of Paragraph 40.

41. Defendant admits the allegations of Paragraph 41.

42. Defendant admits the allegations of Paragraph 42.

43. Defendant denies the allegations of Paragraph 43, and avers that defendant's November 7, 2008 letter to the plaintiff speaks for itself.

44. Defendant incorporates its response to Paragraph 45 below.

45. Defendant admits that it claimed exemptions 4 and 5 of FOIA in its November 7, 2008 letter denying plaintiff's appeal. Paragraph 45 otherwise consists of argument to which no response is required.

46. Paragraph 46 states a legal conclusion to which no response is required.

47. Paragraph 47 states a legal conclusion to which no response is required.

## FIRST CAUSE OF ACTION

48. Defendant repeats and reincorporates its responses to Paragraphs 1-47 above.

49. Paragraph 49 states a legal conclusion to which no response is required.

50. Defendant admits that it has withheld approximately 231 pages of records responsive to the Loan Request under exemptions 4 and 5 of FOIA, as set forth in Paragraph 29 above.

51. Paragraph 51 states a legal conclusion to which no response is required.

52. Paragraph 52 states a legal conclusion to which no response is required.

## SECOND CAUSE OF ACTION

53. Defendant repeats and reincorporates its responses to Paragraphs 1-52 above.

54. Paragraph 54 states a legal conclusion to which no response is required.

55. Defendant denies the allegations of Paragraph 55, and avers that it responded to the Loan Request, as set forth in Paragraph 29 above.

56. Paragraph 56 states a legal conclusion to which no response is required.

57. Paragraph 57 states a legal conclusion to which no response is required.

58. Paragraph 58 states a legal conclusion to which no response is required.

## THIRD CAUSE OF ACTION

59. Defendant repeats and reincorporates its responses to Paragraphs 1-58 above.

60. Paragraph 60 states a legal conclusion to which no response is required.

61. Defendant denies the allegations of Paragraph 61, and avers that it searched Board records and made suitable inquiries, but found no documents responsive to the Bear Request, as alleged in Paragraph 40 of plaintiff's Amended and Supplemental Complaint.

62. Paragraph 62 states a legal conclusion to which no response is required.

63. Paragraph 63 states a legal conclusion to which no response is required.

## FOURTH CAUSE OF ACTION

64. Defendant repeats and reincorporates its responses to Paragraphs 1-63 above.

65. Paragraph 65 states a legal conclusion to which no response is required.

66. Defendant incorporates its response to Paragraph 61 above.

67. Defendant admits the allegations of Paragraph 67.

68. Defendant admits the allegations of Paragraph 68.

69. Paragraph 69 states a legal conclusion to which no response is required.

70. Paragraph 70 states a legal conclusion to which no response is required.

71. Paragraph 71 states a legal conclusion to which no response is required.

## PRAYER FOR RELIEF

72. Paragraph 72 states a legal conclusion to which no response is required.

73. Paragraph 73 states a legal conclusion to which no response is required.

74. Paragraph 74 states a legal conclusion to which no response is required.

75. Paragraph 75 states a legal conclusion to which no response is required.

76. Paragraph 76 states a legal conclusion to which no response is required.

AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

Dated: December 10, 2008

/s/Yvonne F. Mizusawa
Katherine H. Wheatley (007931)
Assistant General Counsel
Yvonne F. Mizusawa (YM5081)
Senior Counsel
Board of Governors of the Federal Reserve
 System
20th and C Streets, N.W.
Washington, D.C. 20551
Ph: (202) 452-3436
Fax: (202) 736-5615
Yvonne.f.mizusawa@frb.gov

Attorneys for Defendant the Board of
Governors of the Federal Reserve System