UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
BLOOMBERG L.P., :
:
            Plaintiff, : Case No. 08 CV 9595 (LAP)
:
    -against- :
:
BOARD OF GOVERNORS OF THE :
FEDERAL RESERVE SYSTEM, :
:
            Defendant. :
------------------------------------------------------x

## DECLARATION OF HELEN E. MUCCIOLO

**Helen E. Mucciolo**, being duly sworn, says:

1. I am a Senior Vice President in the Credit, Investment & Payment Risk Function at the Federal Reserve Bank of New York (the "New York Fed" or the "Bank"). I submit this affidavit in support of the motion for summary judgment submitted by the Board of Governors of the Federal Reserve System (the "Board of Governors") in the above-referenced matter. I have personal knowledge of the matters set forth herein.

2. I have been employed at the New York Fed since 1993 and have spent the majority of my career at the Bank in the Markets Group, which I joined in 1996. Currently, I am the Head of the Investment Support Office within the Credit, Investment & Payment Risk Function, and am responsible for overseeing the operations of Maiden Lane LLC, and the portfolio of assets pledged as security for the approximately $29 billion in term financing that the New York Fed provided to Maiden Lane LLC. Maiden Lane LLC is the limited liability company that was formed to facilitate the J.P. Morgan Chase & Co. ("JPMC") acquisition of the Bear Stearns Companies Inc. ("Bear Stearns").

3. I received a Bachelor of Science degree from Syracuse University in 1988 and a Master in Business Administration from Pace University in 1993. I was also designated a Chartered Financial Analyst in 1995.

4. I have been informed that the Board of Governors received a request pursuant to the Freedom of Information Act seeking documents relating to, among other things, the portfolio of securities, on a security-by-security basis with CUSIP numbers, supporting the loan extended by the New York Fed in connection with JPMC's acquisition of Bear Stearns. As the officer at the Bank responsible for the oversight of Maiden Lane LLC, I am familiar with the portfolio of assets supporting the loan, how it is managed, and what records are kept at the New York Fed.

**Maiden Lane LLC**

5. On March 16, 2008, the Board of Governors authorized the New York Fed to extend a $30 billion emergency loan to facilitate the acquisition of Bear Stearns by JPMC (the "Bear Stearns Loan"). After negotiations among the parties, a deal was reached whereby JPMC agreed to absorb the first $1.15 billion of any loss that ultimately occurs in connection with this arrangement. In late April, 2008, the New York Fed formed Maiden Lane LLC, a limited liability company, for the specific purpose of taking control of the portfolio of assets pledged as security for the approximately $29 billion in term financing. These assets are being managed on a long-term basis so as to minimize the risks to the market and the risk of loss to the taxpayer. They can be held or disposed of at any time over a ten-year period. The decision to extend the emergency loan and create Maiden Lane LLC was made during a time of tremendous financial stress in the market. The decision was taken to bolster market liquidity and promote orderly market functioning.

6. The New York Fed was responsible for all aspects of the Bear Stearns Loan. The New York Fed formed and created the structure of Maiden Lane LLC. The Bank formulated the terms and conditions for what assets the New York Fed would and would not accept and, along with its external service providers, implemented the procedures on how the assets would be transferred to Maiden Lane LLC. BlackRock Financial Management, Inc. ("BlackRock") was selected by the Bank as its investment manager to oversee the portfolio on a day-to-day basis under guidelines established by the New York Fed. These guidelines were designed to pay off the Bear Stearns Loan, while refraining from actions that would disturb general financial market conditions. The New York Fed also selected State Street Bank to act as both the custodian for the portfolio of assets as well as administrator for Maiden Lane LLC.

7. Although the Bear Stearns Loan was initially authorized by the Board of Governors, the Board of Governors is not involved in the day-to-day administration of the loan, which is overseen by the New York Fed. The Bear Stearns Loan was a commercial loan between the Bank and Maiden Lane LLC. The Board of Governors had no role in selecting the specific assets chosen for the portfolio securing the Bear Stearns Loan.

8. The New York Fed receives various reports on a regular basis from BlackRock and State Street that contain detailed information relating to the individual securities held in the portfolio. The New York Fed also generates various reports and spreadsheets based on information it receives from BlackRock and State Street. All such information and documents relating to the Bear Stearns Loan are maintained by the New York Fed. They are highly confidential and are not made available to anyone outside of the New York Fed and, even within the Bank, access to the records is on a need-to-know and limited basis. The Bank does, however, provide select members and staff of the Board of Governors with very high-level reports on a

regular basis, including information relating to the portfolio's weekly balance sheet, (so that it can be included in the Board of Governors' weekly H.4.1 Statistical Release), as well as portfolio income and expense information. These reports do not contain information about the portfolio on a security-by-security basis or by CUSIP number.

**Disclosure of Information**

9. I have been informed that the Board of Governors has received a request pursuant to the Freedom of Information Act seeking various documents relating to the portfolio of securities supporting the Bear Stearns Loan. I understand that the request seeks detailed information on a security-by-security basis with CUSIP numbers.

10. The detailed information being requested is highly sensitive and confidential commercial information. There are confidentiality provisions within the Bear Stearns Loan documents that impose confidentiality obligations on the various service providers to Maiden Lane LLC, including BlackRock and State Street, that they shall not disclose information such as the information being sought in this request. There is also an understanding amongst the parties that the New York Fed will similarly keep confidential information relating to the Bear Stearns Loan, including the identification of the specific securities that are part of the portfolio.

11. Public disclosure of the specific securities held in the portfolio, and the valuation of those securities, would cause substantial competitive harm to the New York Fed because it would impair the Bank's ability to obtain the maximum value for those securities in the open market. This is sensitive information because market participants could identify the composition of the specific assets in the portfolio. Specific information regarding the holdings and valuation of market participants' portfolios is generally not publicly available. With this knowledge, market participants could gain a competitive advantage over BlackRock, acting on behalf of the

Bank, in negotiating sale prices, which could adversely affect the returns derived from the assets, because those market participants would have access to detailed information regarding the composition and valuation of the portfolio. The financial industry in the U.S. is extremely competitive and changing rapidly in terms of offerings and key players. The ability to negotiate favorable asset sales is crucial. If potential buyers knew the value the New York Fed had assigned to the securities, they would be unlikely to pay a higher price. This situation would likely diminish the Bank's ability to maximize its recovery on the assets and the full repayment of the Bear Stearns Loan over time. This in turn would likely harm the taxpayer.

I declare under penalty of perjury that the foregoing is true and correct. Executed in New York, New York on this 3 day of March, 2009.

_____
Helen E. Mucciolo