UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
BLOOMBERG L.P.,

                Plaintiff,

         - against -

BOARD OF GOVERNORS OF THE
FEDERAL RESERVE SYSTEM,

                Defendant.
------------------------------------------------------------ x

Case No. 08 CV 9595 (LAP)

PLAINTIFF BLOOMBERG L.P.'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

WILLKIE FARR & GALLAGHER LLP

Thomas H. Golden
Scott S. Rose
Jared E. Cohen

787 Seventh Avenue
New York, New York 10019
(212) 728-8000

Attorneys for Plaintiff Bloomberg L.P.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

I.  BLOOMBERG HAS DEMONSTRATED THAT THE LOAN RECORDS AND BEAR
    RECORDS HELD BY THE NY FED ARE SUBJECT TO FOIA AND SHOULD BE
    PRODUCED ........................................................................................................................ 2

II. BLOOMBERG HAS DEMONSTRATED THAT THE REQUESTED INFORMATION
    IS NOT PROPERLY SECRET UNDER EXEMPTION 4 ................................................... 4

    A. The Board Has Failed To Meet Its Burden Of Proving That The Requested
       Information Is Exempt Under The "Program Effectiveness" Theory ........................... 4

    B. The Board Has Failed To Meet Its Burden Of Proving The Likelihood Of Substantial
       Competitive Harm, And Bloomberg Has Shown That Disclosure Will Benefit The
       Public And The Markets ................................................................................................ 5

III. BLOOMBERG HAS DEMONSTRATED THAT THE REQUESTED INFORMATION
     IS NOT PROPERLY SECRET UNDER EXEMPTION 5 ................................................... 8

CONCLUSION ............................................................................................................................... 9

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Christensen v. Harris County*, 529 U.S. 576 (2000) ............................................................ 2-3

*Comstock International (U.S.A.) Inc. v. Export-Import Bank*, 464 F. Supp. 804
(D.D.C. 1979) ............................................................................................................................ 5, 6

*Federal Open Market Committee v. Merrill*, 443 U.S. 340 (1979) ................................... 8

*Government Land Bank v. General Services Administration*, 671 F.2d 664 (1st Cir.
1982) ............................................................................................................................................. 8

*Hack v. Department of Energy*, 538 F. Supp. 1098 (D.D.C. 1982). ................................. 8

*Iglesias v. CIA*, 525 F. Supp. 547 (D.D.C. 1981) ................................................................. 6

*Lee v. FDIC*, 923 F. Supp. 451 (S.D.N.Y. 1996) ............................................................... 4-5

*Nadler v. FDIC*, 92 F.3d 93 (D.D.C. 1981) ........................................................................... 7

*National Parks & Conservation Ass'n v. Kleppe*, 547 F.2d 673 (D.C. Cir. 1976) .......... 6

*PETA v. U.S. Department of Agriculture*, No. Civ. 03 C 195-SBC, 2005 WL 1241141
(D.D.C. May 24, 2005) ............................................................................................................... 6

*Public Citizen Health Research Group v. FDA*, 964 F. Supp. 413 (D.C. Cir. 1997) ..... 6

*Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973) ................................................................ 6

## FEDERAL STATUTES

5 U.S.C. § 552 ............................................................................................................................. 6

Plaintiff Bloomberg L.P. respectfully submits this reply memorandum of law in further support of its motion for summary judgment pursuant to Local Rule 6.1(b). Bloomberg respectfully submits that the Board of Governors of the Federal Reserve System (the "Board") should be ordered to disclose the documents sought by Bloomberg.

## PRELIMINARY STATEMENT

Bloomberg brought this action under the Freedom of Information Act ("FOIA"), seeking to vindicate the public's right to obtain government records maintained by the Board and the Federal Reserve Bank of New York (the "NY Fed," and, with the Board, the "Fed") concerning the Fed's lending of public money to private financial institutions and its contribution of financing for JPMorgan Chase's acquisition of Bear Stearns. The Board and Bloomberg have each moved for summary judgment.

Bloomberg has demonstrated that it is entitled to summary judgment and that the Board should be required immediately to provide Bloomberg with all documents, including those located at the NY Fed, that are responsive to the Bear Request and the Loan Records Request.[1] The Board's opposition boils down to an assertion that it is entitled to an unrebuttable presumption that (a) records in the files of the NY Fed are not Board records because that is the position that the Board regularly takes and (b) competitive harm in the form of a supposed stigma will occur if the requested information is disclosed because representatives of the Board and the NY Fed state, without any supporting evidence, that a stigma will occur. But agencies do not interpret FOIA; rather, that is the Court's role.

---

[1] Undefined capitalized terms have the meaning ascribed to them in Bloomberg's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment and in Support of Its Cross-Motion for Summary Judgment.

Because both of those positions are legally unsupported (and unsupportable), and because none of the Board's other arguments support the Board's refusal to provide the requested documents, Bloomberg's motion for summary judgment should be granted.

ARGUMENT

I. BLOOMBERG HAS DEMONSTRATED THAT THE LOAN RECORDS AND BEAR RECORDS HELD BY THE NY FED ARE SUBJECT TO FOIA AND SHOULD BE PRODUCED.

The Board continues to take the position that it was not obligated to produce (or even search for) responsive documents held by the NY Fed because those documents are not "Records of the Board." (Board Reply Br. 4-10.) Bloomberg has demonstrated that the Board is wrong; the records of the NY Fed are indeed subject to public scrutiny under FOIA and are properly obtained through a FOIA request to the Board. (Bloomberg Br. 14-19.)

The Board first contends that it has properly interpreted its own regulations regarding the scope of "Records of the Board" and that the Board's interpretation is entitled to "controlling weight." (Board Reply Br. 4-9.) The primary "evidence" that the Board presents is the Supplemental Declaration of Alison M. Thro (the "Thro Supp. Decl."), filed in another case. The Supplemental Declaration asserts that the Board has a "longstanding practice" of "interpreting the scope of 'Board records' in response to FOIA requests" to include "only a narrow subset of documents in the possession or control of the Federal Reserve Banks." (Thro Supp. Decl. ¶ 3.) In other words, the Board contends that its interpretation is entitled to "controlling weight" because that is the position that it always takes.

The Board's interpretation is not entitled to such deference. An agency interpretation that is *not* contained in a regulation is *not* entitled to the deference that the Board seeks. In <u>Christensen v. Harris County</u>, the Supreme Court stated:

2

> Here, however, we confront an interpretation contained in an opinion letter, not one arrived at after, for example, a formal adjudication or notice-and-comment rulemaking. Interpretations such as those in opinion letters – like interpretations contained in policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law – *do not warrant* <u>Chevron</u>-style deference. . . . Instead, interpretations contained in formats such as opinion letters are "entitled to respect" . . . but only to the extent that those interpretations have the "power to persuade."

529 U.S. 576, 587 (2000) (internal citations omitted) (emphasis added). An interpretation set forth in a legal brief or declaration is therefore entitled to no more deference than that contained in an opinion letter or other vehicle that lacks the force of law. In fact, an interpretation in a legal brief, which is nothing more than an advocacy piece, should be granted far less deference than even the reduced deference set forth in <u>Christensen</u>.

Bloomberg has demonstrated that the Board has misinterpreted its own FOIA regulations and has shown that records of the NY Fed are "Records of the Board." (Bloomberg Br. 14-17.) The fact that the Board apparently has a longstanding practice of misinterpreting those regulations does not entitle the Board to the deference that it seeks here.

The Board also now contends that it is irrelevant whether the NY Fed is an agency. (Board Reply Br. 9-10.) Yet the Board previously acknowledged the significance of that issue, discussing at length the "structure of the Board and the Federal Reserve Banks" (Board Br. 37-40) and arguing that "[n]o statute designates the Federal Reserve Banks as federal agencies" (<u>id.</u> 40). The Board provides no explanation for why Reserve Banks are exempt from FOIA's reach. More importantly, the Board makes no effort to rebut Bloomberg's showing that the Reserve Banks are, in fact, agencies, and that the NY Fed's documents are subject to FOIA. (Bloomberg Br. 17-19.) Because the NY Fed is an agency and has not promulgated its own FOIA regulations, those documents are accessible through requests to the Board.

Finally, the Board incorrectly asserts that Bloomberg has not challenged the adequacy of the Board's search. (Board Reply Br. 3-4.) In fact, Bloomberg expressly stated that "*the Board's search was not adequate*" because the Board did not search for responsive documents held by the NY Fed. (Bloomberg Br. 14 n.7 (emphasis added).) Because the Loan Records and Bear Records held by the NY Fed are Board records subject to FOIA, and because the Board has admitted that it failed to search for those records, Bloomberg has shown the bad faith necessary to impugn the Board's contention that it conducted an adequate search. (See Board Reply Br. 3.) Thus, the Board's search was inadequate, and the Board should be required to search for and produce responsive records held by the NY Fed.

Accordingly, Bloomberg is entitled to summary judgment on these issues.

II. BLOOMBERG HAS DEMONSTRATED THAT THE REQUESTED INFORMATION IS NOT PROPERLY SECRET UNDER EXEMPTION 4.

The Board continues to assert that the Loan Records and Bear Records should remain under a veil of secrecy pursuant to Exemption 4. However, the Board is unable to meet its burden of demonstrating that Exemption 4 applies. And the Board has failed to present evidence – rather than bald, conclusory statements – that contradicts Bloomberg's showing that neither the "program effectiveness" nor the competitive harm tests of Exemption 4 applies here.[2]

    A. The Board Has Failed To Meet Its Burden Of Proving That The Requested Information Is Exempt Under The "Program Effectiveness" Theory.

Bloomberg has shown that the release of the requested information is not exempt under the "program effectiveness" theory of Exemption 4, which has not been adopted by the Second Circuit. (Bloomberg Br. 36-38.) Even if the Court were inclined to recognize the

---

[2] Bloomberg has also demonstrated that Exemption 4 does not apply because the requested information was not obtained from the borrowers, but rather from the NY Fed. (Bloomberg Br. 35-36.) The Board's argument to the contrary (Board Reply Br. 15-17) is unavailing.

4

"program effectiveness" theory, the Board bears a "substantial" burden to show that the requested records are exempt from disclosure. Lee v. FDIC, 923 F. Supp. 451, 454 (S.D.N.Y. 1996). The Board must show the applicability of the "program effectiveness" theory with *specific evidence* – the Board cannot rely on mere conclusory or speculative assertions. Id.; Comstock Int'l (U.S.A.) Inc. v. Export-Import Bank, 464 F. Supp. 804, 807 (D.D.C. 1979).

The Board has not met that burden. The Board has not provided any *specific* evidence that disclosure of the requested information would impair the Board's ability to address strains in the financial markets and to effectively pursue its statutory obligations. Rather, the only "evidence" that the Board has presented is the unsupported speculation of a Board officer and two NY Fed officers. Indeed, even the Board concedes that the director of the Board's Division of Monetary Affairs only "*predicts*" that release of the information would lead to an "increased *reluctance*" to use the lending facilities. (Board Reply Br. 12 (emphasis added).) Some information concerning who has borrowed from the relevant lending facilities has been disclosed (Bloomberg Br. 33-34), and the Board has not presented a scintilla of evidence that any of those borrowers has been reluctant to make further use of, or no longer uses, those facilities.

Accordingly, Bloomberg is entitled to summary judgment on this issue.

B. The Board Has Failed To Meet Its Burden Of Proving The Likelihood Of Substantial Competitive Harm, And Bloomberg Has Shown That Disclosure Will Benefit The Public And The Markets.

Bloomberg has shown that the release of the Loan Records and Bear Records will not cause the competitive harm required by Exemption 4. (Bloomberg Br. 21-34.) In fact, Bloomberg has demonstrated that release of that information will have an economic benefit. (Id.) The Board has not presented any evidence to contradict or undermine that showing.

5

As discussed above, the Board bears the burden of showing that the requested information may remain secret. See 5 U.S.C. § 552(a)(4)(B) ("the burden is on the agency to sustain its action"); Vaughn v. Rosen, 484 F.2d 820, 824 (D.C. Cir. 1973) ("the burden is upon the agency to prove *de novo* in trial court that the information sought fits under one of the exemptions of FOIA"); Nat'l Parks & Conservation Ass'n v. Kleppe, 547 F.2d 673, 679 n.20 (D.C. Cir. 1976) ("[t]he party seeking to avoid disclosure bears the burden of proving that the circumstances justify nondisclosure"). The Board contends that it has satisfied that burden through the submission of conclusory and speculative statements that there *might* be a "stigma" if the information is disclosed. The Board provides no factual support for those musings but instead contends that because the Board says that there might be a stigma, *a fortiori* there might be a stigma. (Board Reply Br. 18-19.) But that is not sufficient. Rather, the Board must present *evidence*, not unsupported assumptions, establishing a likelihood of substantial competitive harm. See, e.g., PETA v. U.S. Dep't of Agric., No. Civ. 03 C 195-SBC, 2005 WL 1241141, at *5-7 (D.D.C. May 24, 2005); Pub. Citizen Health Research Group v. FDA, 964 F. Supp. 413, 415 (D.C. Cir. 1997); Comstock Int'l (U.S.A.) Inc. v. Exp.-Imp. Bank, 464 F. Supp. 804, 807 (D.D.C. 1979); Iglesias v. CIA, 525 F. Supp. 547, 559 (D.D.C. 1981).

Apparently recognizing that it has failed to meet its burden, the Board attempts to stand the burden on its head by arguing that Bloomberg's "submissions . . . are conspicuously lacking in evidence on the issue before the Court – whether or not disclosure of the withheld information is likely to cause substantial competitive harm to the borrowers." (Board Reply Br. 22 (emphasis omitted).) However, the burden is *not* on Bloomberg to show that substantial competitive harm is *un*likely. Rather, the Board has to show that substantial competitive harm is likely. The Board's attempt to invert the burden should be rejected.

6

In any event, Bloomberg has submitted evidence demonstrating the *benefits* that will result from disclosure of the requested information. Bloomberg has submitted a specific, detailed, and fact-laden declaration of a professional economist explaining the substantial benefits of disclosure. (See Declaration of Dr. Sharon Brown-Hruska, sworn to on April 15, 2009; Bloomberg Br. 28-31.) The Board makes no attempt to rebut or contradict that evidence.

Bloomberg also has demonstrated that Exemption 4 does not apply because the alleged competitive harm relates to the reaction by customers and shareholders of the borrowers, not the use of that information by competitors of the borrowers. (Bloomberg Br. 26-27.) The Board argues that even if the information is not affirmatively used by competitors, borrowers could suffer competitive harm as a result of "active hindrance by [a community group]." (Board Reply Br. 19-20 (citing Nadler v. FDIC, 92 F.3d 93, 97 (2d Cir. 1997).) But the Board has not identified any "active hindrance" by anyone – competitors, community groups, or others – that likely would cause substantial harm to the borrowers. Because the Board has failed to show affirmative use of proprietary information, the Board cannot meet its burden.

Finally, the Board continues to rely on a supposed "understanding" with borrowers that the Board will maintain as confidential information regarding their borrowing. (Board Reply Br. 16, 22-23.) The Board, however, has not provided any evidence of that "understanding." In any event, an agency cannot avoid its obligations under FOIA simply by agreeing with another party – whether by a formal written agreement or a wink and a nod – that it will not disclose information that is otherwise subject to disclosure. (Bloomberg Br. 25.)

Accordingly, Exemption 4 does not apply.[3]

---

[3] The Board also argues that only a "small handful" of banks have made disclosure in their SEC filings about their borrowings. (Board Reply Br. 23.) As the Board surely knows, many banks and financial institutions have disclosed their borrowings, as the federal securities laws and SEC

III. **BLOOMBERG HAS DEMONSTRATED THAT THE REQUESTED INFORMATION IS NOT PROPERLY SECRET UNDER EXEMPTION 5.**

Bloomberg also has demonstrated that Exemption 5 does not apply because the Board has misconstrued that exemption. (Bloomberg Br. 38-39.) The Board concedes that Exemption 5, to the extent it even applies, only applies for a limited period of time. (Board Reply Br. 24.) However, the Board asserts that it cannot "pinpoint" a date "with certainty" when the supposed harm would no longer exist. (Id.) In other words, the Board's position is that the requested information may remain secret for an indefinite period of time – the records sought by Bloomberg's FOIA requests are approximately one year old, but the Board offers no proposed timetable for when the information may be released. The Supreme Court has rejected that position. See Fed. Open Mkt. Comm. of Fed. Reserve Sys. v. Merrill, 443 U.S. 340, 360 (1979). See also Gov't Land Bank v. Gen. Servs. Admin., 671 F.2d 664 (1st Cir. 1982); Hack v. Dep't of Energy, 538 F. Supp. 1098 (D.D.C. 1982).

Accordingly, Exemption 5 does not apply.[4]

---

disclosure rules *require* – disclosure is *not* optional. (Bloomberg Br. 31-34.) Rather than inundate the Court with a multitude of those disclosures, Bloomberg has provided a sample.

[4] The Board continues to assert that the documents are exempt under *both* Exemptions 4 and 5. (Board Reply Br. 24-25.) However, to the extent the documents reflect information provided by borrowers, those materials are not covered by Exemption 5, and to the extent they reflect information provided by the NY Fed, those documents are not covered by Exemption 4.

## CONCLUSION

Bloomberg respectfully requests that its motion for summary judgment be granted, and that this Court order the Board to produce all Loan Records and Bear Records, whether held by the Board or the NY Fed.

Dated: New York, New York
        May 8, 2009

                            WILLKIE FARR & GALLAGHER LLP

                            By: _____
                                Thomas H. Golden
                                Scott S. Rose
                                Jared E. Cohen

                                787 Seventh Avenue
                                New York, New York 10019
                                (212) 728-8000
                                tgolden@willkie.com
                                srose@willkie.com
                                jcohen@willkie.com

                                Attorneys for Plaintiff Bloomberg L.P.

Of Counsel:

Charles J. Glasser, Jr., Esq.
Global Media Counsel, Bloomberg News
731 Lexington Avenue
New York, New York 10022
(212) 617-4529
cglasser@bloomberg.net

4888293.1