UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| BLOOMBERG L.P., | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civ. No. 08 CV 9595 (LAP) ) |
| BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM, | ) ) ) ) |
| Defendant. | ) ) |

**DEFENDANT BOARD OF GOVERNORS OF THE
FEDERAL RESERVE SYSTEM'S SUPPLEMENTAL BRIEF**

Katherine H. Wheatley (KW7931)
Associate General Counsel
Yvonne F. Mizusawa (YM5081)
Senior Counsel
Board of Governors of the Federal
 Reserve System
20th and C Streets, N.W.
Washington, D.C. 20551
Ph: (202) 452-3436
Fax: (202) 736-5615

July 23, 2009

# DEFENDANT BOARD OF GOVERNORS OF THE
# FEDERAL RESERVE SYSTEM'S SUPPLEMENTAL BRIEF

Pursuant to the Court's July 20, 2009 Order, defendant Board of Governors of the Federal Reserve System ("Board"), files this supplemental brief. Although the Board believes the question of whether the Federal Reserve Bank of New York ("FRBNY") is an "agency" under FOIA is not necessary to a decision in this action, and that the FRBNY is the proper entity to address the question, the FRBNY's position that it is not an "agency," see Sibille v. Federal Reserve Bank of New York, 770 F. Supp. 134, 135 (S.D.N.Y. 1991),[1] is consistent with the language and legislative history of, and cases interpreting, FOIA.

As set forth in the Board's Reply, filed May 1, 2009 ("Board Reply") at 9-10, whether or not the FRBNY is an "agency" is not relevant because the FOIA requests were made to the Board, not the FRBNY, and the FRBNY is not a party to this case. Nevertheless, because the Court has requested supplemental briefing, the Board addresses the issue below.

Prior to 1974, FOIA borrowed the Administrative Procedure Act's ("APA") definition of "agency" as "each authority of the Government of the United States, whether or not it is within or subject to review by another agency," with exceptions not relevant here. 5 U.S.C. § 551(1). In 1974, Congress amended FOIA to further define "agency" to include "any executive department, military department, Government corporation, Government-controlled corporation; or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency." 5 U.S.C. § 552(f)(1)(formerly 5 U.S.C. § 552(e)). To be an "agency" under FOIA or the Privacy Act (which share these

---

[1] In Sibille, the district court did not reach the question of whether the FRBNY was subject to FOIA because it found that the documents in question, personal notes of an FRBNY officer, were not "agency records." Id. at 137-38; accord Clarkson v. Greenspan, 1998 U.S. Dist. LEXIS 23566 at **19-23 (D.D.C., June 30, 1998). Likewise, the Court need not determine whether the FRBNY is an agency here because responsive FRBNY records in the FRBNY's possession are not "agency records" subject to plaintiff's FOIA requests to the Board. Defendant's Memorandum of Points and Authorities, filed March 4, 2009 ("Board SJ Brief") at 35-46.

definitions), "an entity must fit within one of the categories set forth either in § 552(f) or § 551(1)." Dong v. Smithsonian Inst., 125 F. 3d 877, 879 (D.C. Cir. 1997), cert. denied, 524 U.S. 922 (1998). The FRBNY fits within none of the categories.

First, the FRBNY is not an "authority of the Government of the United States" under 5 U.S.C. § 551(1). As explained in Irwin Memorial Blood Bank v. American National Red Cross, 640 F.2d 1051, 1053 (9th Cir. 1981), an "authority" under § 551(1) is an entity that "by law has authority to take final and binding action affecting the rights and obligations of individuals, particularly by the characteristic procedures of rule-making and adjudication." (internal quotations omitted). The FRBNY, by contrast, has no rulemaking or adjudicatory authority; these powers are vested by statute in the Board, whose rulemaking authority may not be delegated. 12 U.S.C. § 248(k). The FRBNY accordingly is not an "authority" of the U.S. government.[2] Accord, Dong, supra, 125 F.3d at 882 (Smithsonian not an agency under § 551(1) where it "does not make binding rules of general application or determine rights and duties through adjudication … issues no orders and performs no regulatory functions").

Second, the FRBNY is not an "establishment in the executive branch of government." As the D.C. Circuit found in Dong, supra, the Smithsonian does not fit within this category because the majority of its Board of Regents are appointed by, or are members of, Congress, it does not answer to the President, and it does not administer federal statutes, prosecute offenses, promulgate rules, or engage in other typically executive activities. 125 F.3d at 879. Similarly,

---

[2] We note that in Lee Construction Co. v. Federal Reserve Bank of Richmond, 558 F. Supp. 165, 179 (D. Md. 1982), the district court held that the FRB Richmond was an agency under § 551(1). Although finding that "Federal Reserve Banks have no power to make or enforce any rules or regulations [and] are seemingly not designated agencies for any purpose," id., the court relied upon its finding that "the Board has delegated substantial decision-making authority to the Federal Reserve Banks." Id. at 179. In particular, the Lee court focused on the Reserve Bank's delegated authority to sell real property. Id. However, because Reserve Banks do not "by law" have authority to engage in rulemaking or adjudication, which two factors were critical to the courts' decisions in Dong, 125 F.3d at 881, and Irwin, 640 F.2d at 1053, the Board believes that Lee is contrary to controlling precedent under § 551(1).

the FRBNY is not an establishment of the executive branch because it is a corporation whose stock is privately held, is overseen by a board of directors the majority of whom are privately appointed, and has no authority to promulgate rules or carry out typically executive functions. See, infra, pp. 3-4; see generally Board SJ Brief at 37-40.

Third, the FRBNY is not a "government corporation." The legislative history of FOIA states that a "government corporation" "would include a corporation that is a wholly Government-owned enterprise …." H. R. Rep. No. 93-876, 93rd Cong., 2d Sess., reprinted in 1974 U.S.C.C.A.N. 6267, 6274. None of the stock of the FRBNY is government-owned, 12 U.S.C. §§ 282-83, and the FRBNY does not appear among government corporations listed at 31 U.S.C. § 9101. See Cotton v. Heyman, 63 F.3d 1115, 1123 (D.C. Cir. 1995).

Finally, the FRBNY is not a "government controlled corporation," which question is determined on a case-by-case basis. Irwin, supra, 640 F.2d at 1054. In Irwin, the Ninth Circuit held that the American National Red Cross is not a government-controlled corporation because its employees are not federal employees, the United States does not appropriate its funds, and government officials do not direct its everyday activities. Id. at 1056.

As in Irwin, the FRBNY is not a government-controlled corporation because: (i) its employees are not federal employees, but at-will employees of the FRBNY, 12 U.S.C. § 341(Fifth), Scott v. Federal Reserve Bank of Kansas City, 406 F.3d 532, 536 (8th Cir. 2005), cert. denied, 546 U.S. 1216 (2006) (Federal Reserve Banks are not federal agencies under Fed.R.Civ.P. 4); (ii) its officers are appointed by the board of the FRBNY, 12 U.S.C. § 341(Fifth); (iii) although the Board has broad oversight authority over the FRBNY, its day-to-day operations are managed by its officers, subject to the oversight of its 9-member board of directors, six of whom are appointed by member banks within the district and none of whom are appointed by the President or Congress, 12 U.S.C. §§ 301 and 302, Scott, supra, 406 F.3d at 537;

(iv) the FRBNY may make contracts, sue and be sued in its own name, prescribe bylaws, and carry out other powers incidental to the business of banking, 12 U.S.C. § 341; (v) the FRBNY receives no appropriated funds, but funds its own operations and is capitalized by required contributions from member banks, Scott, supra, 406 F. 3d at 537; and (vi) the FRBNY lacks rulemaking authority. Id.[3] Accord Ehm v. National R.R. Passenger Corp., 732 F.2d 1250, 1255 (5th Cir.), cert. denied, 469 U.S. 982 (1984) (Amtrak not a government controlled corporation where a majority of its board is government-appointed, but its day-to-day operations are not subject to close government supervision, its officers and employees are not federal employees, and it has no rulemaking authority outside of FOIA).[4]

In addition, courts have looked to Congress's intent in creating an entity to determine whether it is an agency under FOIA. Pub. Citizen Health Research Group v. Dep't of Health, Educ. & Welfare, 668 F.2d 537, 542 (D.C. Cir. 1981). In Public Citizen, the court was persuaded by "the fixed purpose of Congress" that the entities in question "be independent medical organizations operated by practicing physicians in the private sector and not government agencies run by government employees," in finding that they were not subject to FOIA. Id. at 543. Similarly, Reserve Banks were created by federal statute with the intent that they be independent of government control. Melcher v. FOMC, 644 F. Supp. 510, 523-24 (D.D.C. 1986) aff'd in part, vacated in part, 836 F.2d 561 (D.C. 1987), cert. denied, 486 U.S. 1042 (1988) (Congress recognized the need for independence from partisan political pressures in the

---

[3] By contrast, in Rocap v. Indiek, 539 F.2d 174, 177, 180 (D.C. Cir. 1976), the D.C. Circuit found the Federal Home Loan Mortgage Corp. was a government-controlled corporation where its board was presidentially appointed, it was subject to federal supervision and control over its business transactions as well as federal auditing and reporting requirements, was expressly designated as an agency, and its employees were officers and employees of the United States. None of these factors applies to the FRBNY.

[4] Although Congress subsequently made Amtrak subject to FOIA, 49 U.S.C. § 24301(e), Ehm is good law. As recently as last year, the Second Circuit relied upon Irwin and Ehm, supra, to find that a third party debt-collection agency was not a "government-controlled corporation" for Privacy Act purposes. Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 125 (2d Cir. 2008).

performance of certain vital central banking functions, and thus deliberately delegated these functions to non-partisan, privately-owned Reserve Banks); Board SJ Brief at 44 ("the reserve bank plan retains to the Government power over the exercise of the broader banking functions, while it leaves *to individuals and privately owned institutions* the actual direction of routine") (quoting 1913 House Report, emphasis supplied).

That the FRBNY has been found to be a federal instrumentality for some purposes, and serves as a fiscal agent for the U.S. government, does not make it an "agency." See Plaintiff's Memorandum of Law, filed April 15, 2009 ("Pl. SJ Brief") at 18. As the Eighth Circuit found in Scott, supra, "it is possible to be a fiscal agent or instrumentality of the government without being a federal agency." 406 F.3d at 535; accord Fasano v. Federal Reserve Bank of New York, 457 F.3d 274, 281 (3rd Cir. 2006), cert. denied, 549 U.S. 1115 (2007) (lower court incorrectly equated "instrumentality" with "federal agency"); Irwin, supra, 640 F.2d at 1052 (although the Red Cross was an instrumentality for state tax purposes, it was not a FOIA "agency"). Finally, while plaintiff quotes FOIA's legislative history to argue that § 552(f) encompasses entities that "perform governmental functions and control information of interest to the public," Pl. SJ Brief at 18, the D.C. Circuit rejected the same argument in Dong, supra, holding "Congress did not back this observation with any statutory text remotely matching its scope…." 125 F.3d at 880.

For these reasons, the statute, legislative history and cases support the view that the FRBNY is not an agency under FOIA.

/s/Yvonne F. Mizusawa
Katherine H. Wheatley (KW7931)
Yvonne F. Mizusawa (YM5081)
Board of Governors of the Federal
  Reserve System
20th and C Streets, N.W.
Washington, D.C. 20551
Ph: (202) 452-3436