UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BLOOMBERG L.P.,                                             :

               Plaintiff,                  :

         - against -                              :  Case No. 08 CV 9595 (LAP)

BOARD OF GOVERNORS OF THE                                   :
FEDERAL RESERVE SYSTEM,
                                                   :

               Defendant.                  :
------------------------------------------------------------x


PLAINTIFF BLOOMBERG L.P.'S
SUPPLEMENTAL MEMORANDUM OF LAW
CONCERNING THE "AGENCY" STATUS OF
THE FEDERAL RESERVE BANK OF NEW YORK


WILLKIE FARR & GALLAGHER LLP

Thomas H. Golden
Scott S. Rose
Jared E. Cohen

787 Seventh Avenue
New York, New York 10019
(212) 728-8000

Attorneys for Plaintiff Bloomberg L.P.

The Court has directed supplemental briefing on whether the NY Fed is an "agency" for FOIA purposes. Bloomberg respectfully submits that, given the NY Fed's governmental role and supervision, the answer is "yes."[1]

The Administrative Procedure Act ("APA"), which includes FOIA, defines "agency" as "each authority of the Government of the United States, whether or not it is within or subject to review by another agency . . . ." 5 U.S.C. § 551(1). In 1974 Congress expanded the definition to include, among other things, any "Government controlled corporation." 5 U.S.C. § 552(f)(1). In doing so, Congress noted that FOIA encompasses entities that "perform governmental functions and control information of interest to the public." H.R. Rep. No. 93-876, at 7 (1974). Consistent with this, Courts have recognized that the overarching question in determining FOIA "agency" status is whether the entity performs governmental functions, and have held that Federal Reserve Banks are "agencies" under the APA's (and therefore FOIA's) definition. Bloomberg is aware of no cases that reached a contrary conclusion.

In making the FOIA "agency" determination, courts "have not applied a precise standard but have adopted a functional analysis." Ciba-Geigy Corp. v. Mathews, 428 F. Supp. 523, 527 (S.D.N.Y. 1977). See also Cotton v. Heyman, 63 F.3d 1115, 1121 (D.C. Cir. 1995) ("In determining whether an entity fits the agency definition under FOIA, we have never developed bright line rules. Rather, we have generally employed a fact-specific functional approach."); Ry. Labor Executives' Ass'n v. Consol. Rail Corp., 580 F. Supp. 777, 778 (D.D.C. 1984) ("Courts making this analysis have not developed a specific standard by which each entity can be judged. Rather, the diverse array of organizational arrangements that exist for the

---

[1] The Board contends that whether the NY Fed is an agency is irrelevant because Bloomberg did not submit a FOIA request to the NY Fed. The Board is wrong. The Board's FOIA regulations establish that NY Fed records are subject to public scrutiny and are properly obtained through requests to the Board. See 12 C.F.R. §§ 261.2, 261.3; Bloomberg Opp. Br. 14-17.

performance of government functions requires that 'each arrangement must be examined anew and in its own context.'") (citation omitted).

The overarching question is whether the entity performs governmental functions and is subject to federal control. See Irwin Mem'l Blood Bank v. Am. Nat'l Red Cross, 640 F.2d 1051, 1055 (9th Cir. 1981) ("[T]he existence of . . . substantial federal control . . . distinguishes those entities that can be fairly denominated as federal agencies under the FOIA from . . . [those] whose activities may be described as merely quasi-public or quasi-governmental."); Lee Constr. Co. v. Fed. Reserve Bank of Richmond, 558 F. Supp. 165, 173 (D. Md. 1982) ("courts have indicated that… 'the authority to act with the sanction of government behind it determines whether or not a governmental agency exists'") (citations omitted); Ry. Labor, 580 F. Supp. at 778-79 ("The following factors are among those most often cited . . .: The performance of governmental functions by the entity, the presence of substantial government control over the entity's day to day operations, authority of the entity to make and implement decisions, the nature of the government's financial involvement with the entity, the existence of a federal charter, and the status of the entity's employees."). See also Dong v. Smithsonian Inst., 125 F.3d 877, 881 (D.C. Cir. 1997) ("The term 'authority' is not self-defining. At the very least, however, it seems logical that for an entity to *be* an authority of the government it must *exercise* some governmental authority.") (emphasis in original).

The Board's submissions in this case reveal the substantial governmental role the NY Fed plays, and the substantial governmental control to which it is subject. Congress created the Banks as the "monetary and fiscal agents of the United States." (Board Br. 38.)[2] The Banks are the operational arm of the government's central banking system, and the Board accomplishes

---

[2] "Board Br." refers to the Board's memorandum of law in support of its summary judgment motion.

2

its objectives by authorizing and overseeing Bank funding facilities, including those at issue here. (Id. 26-27, 33, 38-39.) The Banks operate "subject to the provisions of law and the orders of the Board," and the Board has broad oversight responsibility over the Banks. (Id. 38-39.) See also 12 U.S.C. §§ 248(j), 301.[3] Indeed the NY Fed records in question were generated in connection with NY Fed actions on behalf of the Board in furtherance of the federal government's monetary policies. (See Board Br. 3, 26).

Consistent with the Banks' governmental role, two courts have held that they are "agencies" under the APA (whose definition applies to FOIA as well). Lee, 558 F. Supp. 165; Flight Int'l Group, Inc. v. Fed. Reserve Bank of Chicago, 583 F. Supp. 674 (N.D. Ga. 1984), vacated on other grounds, 597 F. Supp. 462 (N.D. Ga. 1984).[4] The Board does not cite any case that shields the NY Fed's functional capacity from its responsibilities to the public under FOIA, and Bloomberg is not aware of any.

In Lee, the court considered whether a Bank was an "agency" under the APA such that its actions would be subject to judicial review. In finding that it was, the court noted that "the affairs of each [Bank] are conducted under the close supervision and ultimate control of the Board, an independent federal regulatory agency," and "the Board has delegated substantial decision-making authority to the [Banks]." 558 F. Supp. at 177-78. The Court concluded that "a consideration of each and every one of the relevant factors tips the balance in favor of holding that the [Federal Reserve Bank of Richmond] is an 'agency' [under § 551(1)]." Id. at 179. The

---

[3] The NY Fed has elsewhere admitted that it "execute[s] a quintessential central bank function on behalf of the United States government," "act[s] as the banker for the United States government," and "executes the monetary policy of the United States." Brief for Appellant NY Fed, Fasano v. Fed. Reserve Bank of New York, No. 05-4661, 2006 WL 5439217, at *16-17 (3d Cir. Jan. 23, 2006).

[4] The decision was vacated because of settlement, but a settlement does not nullify as precedent a prior order. See U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship, 513 U.S. 18, 26-29 (1994).

3

court also noted that, "For the most part, that conclusion comports with the decisions of other Courts which have held that Federal Reserve Banks are agencies or instrumentalities of the United States for other purposes."[5] Id.

Flight International Group considered whether the Chicago Federal Reserve is an "agency" under the APA. Noting that the Bank "performs important governmental functions and exercises powers entrusted to it by the United States government," the court concluded that it is "an authority of the United States government" and therefore an "agency" under the APA. 583 F. Supp. at 678. Indeed, the court considered that conclusion to be so obvious that it questioned "[h]ow the Bank can contend otherwise in good faith." Id.

None of the cases cited by the Board leads to a different conclusion. For instance, the Board contends that the NY Fed is not an "agency" under the "authority of the government" prong of the definition because it has no rulemaking or adjudicatory authority. (Board Supp. Br. 2.)[6] But rulemaking and adjudicatory authority is not the *sine qua non* of being an "authority of the government" or a FOIA agency. See Soucie v. David, 448 F.2d 1067, 1073 (D.C. Cir. 1971) ("While the primary purpose of the APA is to regulate the processes of rule making and adjudication, administrative entities that perform neither function are nevertheless agencies, and therefore subject to the public information provisions of the APA, *i.e.*, [FOIA]."). The Board's reliance on Irwin and Dong is similarly misplaced; the Red Cross and the Smithsonian are

---

[5] Court have held that Banks are government agencies or instrumentalities in various other contexts. See, e.g., Fed. Reserve Bank of St. Louis v. Metrocentre Improvement Dist. # 1, 657 F.2d 183, 185 n.3 (8th Cir. 1981) (Banks are instrumentalities for tax purposes because "they conduct important governmental functions"); Fed. Reserve Bank of Boston v. Comm'r, 499 F.2d 60, 63 n.6, 63-64 (1st Cir. 1974) (Bank is "a public governmental body" whose "greater independence in no way signals a diminished role in the operations of government"); James v. Fed. Reserve Bank of New York, 471 F. Supp. 2d 226, 240 (E.D.N.Y. 2007) (NY Fed is an instrumentality because it "perform[s] important governmental functions . . . [and] operate[s] virtually as . . . [an] arm[] of the government") (citation omitted).

[6] "Board Supp. Br." refers to the Board's Supplemental Brief.

qualitatively different than the NY Fed, and those decisions were based on the characteristics of the entities as a whole, not simply their lack of rulemaking and adjudicatory authority.[7]

The Board also argues that the NY Fed does not fit into the "government controlled corporation" prong of the "agency" definition, citing Irwin and Scott v. Federal Reserve Bank of Kansas City, 406 F.3d 532 (8th Cir. 2005). But unlike the Red Cross in Irwin, whose "dominant concern . . . is that it be viewed by the peoples of the world as an institution which owes its primary allegiance, not to any nation or group of nations, but to the alleviation of human suffering," 640 F.2d at 1057, the NY Fed is concerned with affecting national monetary policy as the fiscal agent of the United States, and is subject to broad oversight by the Board.[8] Scott involved Rule 4 of the Federal Rules of Appellate Procedure, and did not examine whether the Bank was a government controlled corporation.

## CONCLUSION

The NY Fed is an "agency" for purposes of FOIA.

Dated: New York, New York
July 28, 2009

Of Counsel:

Charles J. Glasser, Jr., Esq.
Global Media Counsel, Bloomberg News
731 Lexington Avenue
New York, New York 10022
(212) 617-4529
cglasser@bloomberg.net

WILLKIE FARR & GALLAGHER LLP

By: /s/ Thomas H. Golden
Thomas H. Golden
Scott S. Rose
Jared E. Cohen
787 Seventh Avenue
New York, New York 10019
(212) 728-8000
tgolden@willkie.com
srose@willkie.com
jcohen@willkie.com

*4888293*

Attorneys for Plaintiff Bloomberg L.P.

---

[7] While the Red Cross and Smithsonian are important social institutions, neither is responsible for implementing on behalf of the federal government economic policies that affect trillions of dollars and a global economy.

[8] Amtrak, the entity at issue in Ehm v. National Railroad Passenger Corp., 732 F.2d 1250 (5th Cir. 1984), is similarly distinguishable from the NY Fed.