# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

September 9, 2009

By Hand

Chief Judge Loretta A. Preska,
　United States District Court for the
　Southern District of New York,
　　United States Courthouse,
　　　500 Pearl Street,
　　　　New York, New York 10007.

　　　　Re:　*Bloomberg L.P.* v. *Board of Governors of the Federal Reserve System* (Docket No. 08 CV 9595)

Dear Chief Judge Preska:

　　　We represent The Clearing House Association L.L.C. (the "Clearing House"),[1] which seeks to intervene in this action. In accordance with Paragraph 2(A) of Your Honor's Individual Practices, we respectfully request a pre-motion conference regarding the Clearing House's proposed motion to intervene, which is attached hereto. Defendant Board of Governors of the Federal Reserve System (the "Board") consents to the Clearing House's motion to intervene, while Plaintiff Bloomberg L.P. ("Bloomberg") does not.

　　　　　　　　　*　　　*　　　*

　　　Pursuant to Rules 24(a)(2) and 24(b) of the Federal Rules of Civil Procedure, the Clearing House seeks leave to intervene to appeal this Court's Opinion and Order, dated August 24, 2009 ("August 24 Order"), ordering the Board to disclose certain records to Bloomberg, one of the world's leading news services. The Clearing House has not had access to these Board records, but understands that the records reflect certain confidential financial information ("Confidential Information"), provided by Clearing House members and other financial institutions to the Federal Reserve Banks ("FRBs"). Specifically, this Confidential Information includes (i) whether Clearing

---

[1]　The members of the Clearing House are: ABN Amro Bank N.V.; Bank of America, National Association; The Bank of New York Mellon; Citibank, N.A.; Deutsche Bank Trust Company Americas; HSBC Bank USA, National Association; JPMorgan Chase Bank, National Association; UBS AG; U.S. Bank National Association; and Wells Fargo Bank, National Association.

House members participated in certain lending programs authorized by the Board, including emergency programs established in response to the recent global financial crisis ("Fed Lending Programs"), and (ii) the amounts of any such borrowings. Accordingly, the Clearing House seeks to intervene here to protect its members' substantial interests in their Confidential Information to the extent reflected in the Board records sought by Bloomberg.

In its August 24 Order, this Court ruled that the Freedom of Information Act ("FOIA") required the Board to disclose to Bloomberg the records reflecting the Confidential Information, because this information (1) was not "obtained from" the financial institutions participating in the Fed Lending Programs, and (2) was not confidential as its disclosure would not result in competitive harm to the affected institutions. *Bloomberg L.P.* v. *Bd. of Governors of the Fed. Reserve Sys.*, No. 08 Civ. 9595, 2009 WL 2599336, at *12-14 (S.D.N.Y. Aug. 24, 2009) ("August 24 Order"). Respectfully, the Clearing House believes that this information was obtained from its members and other financial institutions, and that the Court did not sufficiently consider evidence that disclosing their Confidential Information to Bloomberg could cause them serious competitive harm.

Courts in this and other Circuits have permitted intervention, including post-judgment intervention, by non-governmental entities and persons in FOIA actions against government agencies. For example, in *Dow Jones & Co., Inc.* v. *U.S. Dep't of Justice*, 161 F.R.D. 247 (S.D.N.Y. 1995), after ruling that FOIA required the Department of Justice to produce the suicide note of former Deputy White House Counsel Vincent Foster to *The Wall Street Journal*, then-Judge Sotomayor permitted Mr. Foster's widow to intervene to participate in an appeal of that ruling. *See also Yorkshire* v. *I.R.S.*, 26 F.3d 942, 945 (9th Cir. 2004) (affirming grant of intervention in FOIA action); *Appleton* v. *FDA*, 310 F. Supp. 2d 194 (D.D.C. 2004) (permitting intervention in FOIA action); *Forest Guardians* v. *U.S. Dep't of Interior*, No. CIV-02-1003, 2004 WL 3426413 (D.N.M. Jan. 12, 2004) (permitting intervention in FOIA action).

The Clearing House satisfies all the requirements for intervention as of right in this action under Rule 24(a)(2), which provides that "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

*First*, the Clearing House's motion to intervene is timely. The Clearing House learned of this Court's August 24 Order on August 25 and promptly prepared its proposed intervention motion. The Clearing House's intervention will cause no delay or prejudice to the existing parties, including Bloomberg. This Court's August 24 Order is stayed pending an appeal by the Board, and the Clearing House seeks to intervene for the purpose of pursuing an appeal on the same schedule as the Board.

Chief Judge Loretta A. Preska  -3-

*Second*, the Clearing House has a substantial interest in preventing the public disclosure of its members' Confidential Information to the extent that information is reflected in the Board records sought by Bloomberg. Given that Bloomberg seeks, among other things, information regarding whether certain Clearing House members have participated in the Fed Lending Programs, and the amounts of any such borrowings, the Clearing House is a proper party to intervene to protect its members' interests in the confidentiality of their information. In similar circumstances, the Clearing House has litigated to protect its members' interests. *See, e.g., Cuomo* v. *Clearing House Ass'n, LLC*, 129 S. Ct. 2710, 2714 (2009) (reviewing challenge by the Clearing House to New York Attorney General's investigation of lending practices of certain of its members and other national banks).

*Third*, the Board may not adequately protect the interests of the Clearing House members in their Confidential Information. Although we understand that the Board currently is seeking approval from the Solicitor General to appeal, that approval is not assured, and, in any event, the Board may not fully exercise its appellate rights, including an appeal to the Supreme Court. *See Dow Jones*, 161 F.R.D. at 254 (because "it would be reasonable for DOJ to decide not to appeal," "[the intervenor's] interest may not be adequately protected on appeal"). Moreover, the Clearing House is in a better position than the Board to demonstrate the competitive harm its members will suffer from disclosure of their Confidential Information.

*Finally*, this Court should permit the Clearing House to intervene under Rule 24(b), which provides "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Plainly, this action concerns the ability of Clearing House members to protect their Confidential Information, including whether they have participated in the Fed Lending Programs, from public disclosure. Thus, as then-Judge Sotomayor did in *Dow Jones*, this Court should permit intervention under both Rules 24(a) and 24(b) in this FOIA case.

Respectfully,

Robert J. Giuffra, Jr.

(Enclosures)

cc: Yvonne Facchina Mizusawa, Esq.
(Board of Governors of the Federal Reserve System)

Thomas H. Golden, Esq.
(Willkie Farr & Gallagher LLP )